# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROL A. BRIDGES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-06-224-SPS |

## OPINION AND ORDER

The claimant Carol A. Bridges requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 ("Title XVI"). The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and the case REMANDED for further proceedings by the ALJ.

### Social Security Law and Standard of Review

Disability under Title XVI is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled "only if his physical or mental impairment or impairments are of such severity

that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 1382c(a)(3)(B). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of*

---

[1] Step one requires claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 416.910. Step two requires that claimant establish she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. 20 C.F.R. § 416.921. If the claimant is engaged in substantial gainful activity or her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant suffers from a listed impairment (or an impairment "medically equivalent" to a listed impairment), she is determined to be disabled without further inquiry. 20 C.F.R. § 416.920(a)(4)(iii). If not, the evaluation proceeds to step four, where the claimant must establish that she does not retain the residual functional capacity (RFC) to perform her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is other work the claimant can perform, taking into account her age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on October 18, 1951, and was fifty-three years old at the time of the administrative hearing. She has a limited ninth grade education and has previously worked loading and unloading trucks at an auction house. She alleges she has been unable to work since November 15, 2002 due to joint pain in both shoulders, both knees, right hip and ankle, elbows and back; numbness and tingling in shoulder and arms; swelling of knees and ankles; muscle spasms in legs and ankles; and chest pain.

### Procedural History

The claimant filed her application for benefits under Title XVI on November 19, 2003. The application was denied. After a hearing on August 17, 2005, ALJ Demos A. Kuchulis found that the claimant was not disabled in a decision dated December 17, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at steps two and five of the sequential evaluation. He found at step two that the claimant did not have a severe mental impairment and determined that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*,

that she could lift and/or carry ten pounds frequently and twenty pounds occasionally, and could stand, walk or sit for six hours at a time during an eight hour work day (Tr. 21). The ALJ concluded at step five that although the claimant could not return to her past work, she was nevertheless not disabled because there was other work she could perform existing in significant numbers in the regional and national economies, *e.g.*, cleaner/housekeeper, food inspector, and poultry dresser (Tr. 20-21).

**Review**

The claimant contends that the ALJ erred by (i) failing to fully develop the record; and (ii) failing to properly account for all her limitations in the RFC. Both contentions focus on the ALJ's conclusion that the claimant did not have a severe mental impairment (Tr. 16). The Court finds that the ALJ did reach this conclusion erroneously.

"When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a [and § 416.920a] and the Listing of Impairments and document the procedure accordingly." *Cruse v. U.S. Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995), *citing Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). However, in conducting a "PRT analysis" pursuant to these regulations, the ALJ must first evaluate whether the claimant has a "medically determinable mental impairment," 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1), and then determine the degree of function that the claimant has lost as a result of the impairment by assessing the claimant's level of functioning in four specific areas. *Cruse*, 49 F.3d at 617. The four broad

areas of function are the following: (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace; and (iv) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ must assess the degree of functional loss in each area on a five-point scale. The first three areas utilize descriptive terms of none, mild, moderate, marked, and extreme. The fourth area utilizes numerical terms of none, one to two, three, and four or more. 20 C.F.R. §§ 404.1520a(d)(2), 416.920a(d)(2).

The claimant's primary care physician diagnosed her with "severe stress anxiety" (Tr. 148, 151). *See, e. g., Hinkle v. Apfel,* 132 F.3d 1349, 1352 (10th Cir. 1997) ("[T]he claimant must show more than the mere presence of a condition or ailment."), *citing Bowen v. Yuckert,* 482 U.S. 137, 153 (1987). The ALJ evidently found this was a medically determinable mental impairment (although he did not specifically say so), because he proceeded to assess the claimant's level of functioning in the applicable areas, *i. e.*, he concluded that the claimant had no more than mild limitations and no episodes of decompensation (Tr. 16). The ALJ did not, however, cite any evidence supporting these conclusions.

The ALJ did observe that the claimant had "no history of treatment by a psychologist or psychiatrist [and] no recent mental health treatment." He also noted that the claimant's "primary care physician has not recommended that she seek any mental health treatment." (Tr. 16). These findings would seem to support a conclusion that the claimant did not have a medically determinable impairment, but the ALJ apparently concluded otherwise. He should therefore have cited the *evidence* supporting his analysis of the claimant's functional limitations. *See* 20 C.F.R. § 1520a(e)(2) ("At the administrative law judge hearing . . . the

written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)."). The ALJ did not, for example, discuss the claimant's need for supervision or assistance or the settings in which she was able to function. *See* 20 C.F.R. § 1520a(c)(2) ("[W]e will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function."). Instead, the ALJ simply stated his conclusions. *See, e. g., Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989) ("The determination of whether substantial evidence supports the Secretary's decision is not simply a 'quantitative exercise,' for evidence is not substantial if it is overwhelmed by other evidence or *if it really constitutes mere conclusion*.") [emphasis added], *citing Fulton v. Heckler,* 760 F.2d 1052, 1055 (10th Cir. 1985) and *Knipe v. Heckler,* 755 F.2d 141, 145 (10th Cir. 1985).

The claimant argues that the ALJ should have ordered a consultative psychological evaluation and that because he did not, he failed to adequately develop the record. *See, e.g., Baca v. Dep't of Health & Human Servs.,* 5 F.3d 476, 479-80 (10th Cir. 1993) ("An ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues.") [citations omitted]. The ALJ has broad discretion in this regard and the Court does not find that he abused it, particularly since neither the claimant's primary care physician nor her attorney saw fit to request a consultation. *See, e. g., Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th

Cir. 1997) ("When the claimant has satisfied his or her burden . . . then, and only then, [it] becomes the responsibility of the ALJ to order a consultative evaluation if such an examination is necessary or helpful to resolve the issue of impairment."). But the ALJ did fail to document his application of the special technique, and for this reason the decision of the Commissioner should be reversed. On remand, the ALJ may obtain a consultative psychological evaluation if he thinks it advisable to do so, but at a minimum he must cite the evidence supporting his findings as to the claimant's functional mental limitations.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 12th day of September, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**